

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDGAR LOPEZ FRAUSTO,

Plaintiff,

v.

ROSEMARY NDOH; XAVIER BECERRA,

Defendants.

Case No. 19-cv-0544-BAS-LR

**ORDER:**
   **1. OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 35);**

   **2. ADOPTING REPORT AND RECOMMENDATION (ECF No. 34); AND**

   **3. DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 20)**

Petitioner Edgar Lopez Frausto, a state prisoner, filed a first amended petition for a writ of habeas corpus ("petition") in district court. (ECF No. 20.) Presently before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Lupe Rodriguez, Jr. recommending denial of the petition. (ECF No. 34.) Petitioner filed an objection to the R&R, to which the state government did not respond. (ECF No. 35.)

- 1 -

19cv0544

For the reasons stated in this Order, the Court overrules Plaintiff's objections to the R&R, approves and adopts the R&R in its entirety, and denies the petition.

## I. BACKGROUND

### A. Procedural

On October 23, 2015, a jury convicted Petitioner of first-degree murder (Cal. Penal Code § 187(a)), kidnapping for ransom with the infliction of great bodily harm (Cal. Penal Code § 209(a)), and returned true findings on the special circumstances of kidnapping (Cal. Penal Code § 190.2(a)(17)(b)), torture (Cal. Penal Code § 190.2(a)(18)), and criminal street gang activity (Cal. Penal Code § 186.22(b)). (R&R at 5, ECF No. 34.) The trial court declared a mistrial on additional murder charges due to juror misconduct. (*Id.*) Petitioner was sentenced to two consecutive life terms in state prison without the possibility of parole. (*Id.*)

A separate jury convicted Petitioner of making criminal threats against sheriff's deputies (Cal. Penal Code § 422), while he awaited trial on the murder and kidnapping charges. (*Id.*) The trial court sentenced him to sixty years to life. (*Id.*)

Petitioner filed a consolidated appeal of both convictions to the California Court of Appeal. Petitioner argued the following with respect to his murder and kidnapping case: (1) the trial court erred by failing to conduct an inquiry after it was advised of potential juror bias; (2) insufficient evidence corroborated the accomplice's testimony; and (3) a rebuttal witness gave improper opinion on the veracity of the accomplice. (*Id.*) Petitioner argued the following with respect to his criminal threats case: (1) the trial court improperly removed a juror during deliberations; (2) the prosecutor committed misconduct during rebuttal argument by mischaracterizing the presumption of innocence and diluting the burden of proof; and (3) the California Court of Appeal should independently review sealed police personnel records. (*Id.*)

The California Court of Appeal determined that: (1) the trial court had no *sua sponte* duty to inquire regarding the alleged juror misconduct; (2) corroborating evidence supported the accomplice testimony; (3) the rebuttal witness did not improperly vouch for

the accomplice's veracity; (4) the trial court did not err in removing a holdout juror during deliberations; (5) the prosecutor did not commit misconduct because there was no reasonable likelihood the jury understood or misapplied the prosecutor's argument; and (6) the trial court did not abuse its discretion when it denied Petitioner's motion. (*Id*. at 5–6.)

Petitioner then filed a petition for review in the California Supreme Court, raising the same claims he raised before the state appellate court. (*Id*. at 6.) The California Supreme Court denied the petition on May 9, 2018. (*Id*.)

**B.      State Habeas**

On August 8, 2017, Petitioner filed a habeas petition in the California Court of Appeal, alleging that: (1) a juror committed misconduct by lying on her questionnaire and providing other jurors with extraneous information, and (2) trial counsel rendered ineffective assistance by failing to investigate juror misconduct and to move for a new trial. (*Id*.)

The California Court of Appeal issued an order to show cause, returnable before the Superior Court of San Diego County, requiring the prosecution to demonstrate why the relief sought in the petition should not be granted. (*Id*.) In response to this order to show cause, the Superior Court conducted a four-day evidentiary hearing and denied the petition on the merits. (*Id*.)

Petitioner then sought relief in the California Court of Appeal, which adopted the Superior Court's reasoning and denied the petition. (*Id*.) Petitioner further presented his habeas claims to the California Supreme Court, which denied relief on July 24, 2024. (*Id*. at 7.)

**C.      Federal Petition**

On March 22, 2019, Petitioner—then proceeding pro se—commenced federal habeas corpus proceedings pursuant to 28 U.S.C. § 2254. (*Id*.; ECF No. 1.) The Court stayed the matter on July 31, 2019, pending resolution of the related state habeas petition. (R&R at 7; ECF No. 9.) After retaining counsel, Petitioner filed a first amended petition. (R&R at 7; ECF No. 20.) The petition asserts the following: (1) the trial court erred by

19cv0544

allowing counsel for the prosecution's principal witness, a cooperating accomplice, to testify regarding her client's credibility, and (2) juror misconduct denied Petitioner his right to a fair and impartial jury, based on a juror's association with a rival gang, disclosure of extrinsic evidence during deliberations, and statements during deliberations reflecting bias against Petitioner. (R&R at 7; ECF No. 20-1.)

Respondent filed an answer to the petition. (R&R at 7; ECF No. 29.) Petitioner filed a traverse, and Respondent filed a sur-reply. (R&R at 7; ECF Nos. 31, 33.)

### D.    Report and Recommendation

In Judge Rodriguez's R&R, he addressed each of Petitioner's arguments. He found that: (1) Petitioner's improper-vouching claim does not warrant habeas relief because, (a) the prosecutor's conduct was not misconduct at all, and even if it were, it fell short of a due process violation under 28 U.S.C. § 2254(d)(1), and (b) the state courts' determinations were not unreasonable in light of the evidence presented under 28 U.S.C. § 2254(d)(2); and (2) habeas relief on Petitioner's juror misconduct claim is unwarranted because the state courts did not unreasonably determine the facts in light of the evidence presented in state court proceedings under 28 U.S.C. § 2254(d)(2).

## II.    LEGAL STANDARDS

### A.    Scope of Review

The district court reviews de novo those portions of a magistrate judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*. Objections must be written and specific. *See* Fed. R. Civ. P. 72(b)(2) (stating that a "party may serve and file

19cv0544

specific written objections to the proposed findings and recommendations" of the magistrate judge).

### B.   Federal Habeas Corpus

To obtain federal habeas relief, a petitioner must show he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is unavailable for claims adjudicated on the merits in state court unless one of two exceptions applies. 28 U.S.C. § 2254(d); *see Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002) (per curiam) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly."); *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (discussing that "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal" (citation omitted)).  AEDPA states in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

First, the exception for clearly established federal law. Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

19cv0544

A state-court decision is "contrary to" clearly established federal law if it: (1) "applies a rule different from the governing law set forth in [Supreme Court] cases," or (2) "decides a case differently than [the Supreme Court] has done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Williams*, 529 U.S. at 405–06.

An "unreasonable application" of clearly established federal law occurs where the state court "identifies the correct governing legal principle [from the Supreme Court's decisions] but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (quoting *Williams*, 529 U.S. at 413). "[A] federal habeas court may not issue [a] writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 75–76 (citation omitted).

Second, the exception for unreasonable determination of the facts. A federal court may not overturn a state court's factual determinations unless they were objectively unreasonable in light of the evidence presented in state court. *See Wood v. Allen*, 558 U.S. 290, 301 (2010); *Rice v. Collins*, 546 U.S. 333, 341–42 (2006) (noting that reasonable disagreement among jurists does not render a state court decision objectively unreasonable).

Moreover, a district court presumes that the state court's factual findings are correct, and a petitioner may overcome that presumption only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007) (explaining that federal habeas courts "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence'").

## III. ANALYSIS

Petitioner lodges two objections to the R&R. Petitioner first argues that the prosecutor in fact committed misconduct and that the misconduct rose to the level of a due process violation. (Objection to the R&R ("Obj.") at 6–8, ECF No. 35.) Second, Petitioner asserts that juror misconduct did in fact occur, citing corroborating accounts from other

19cv0544

jurors and the remark "haven't you convicted him yet?" as demonstrating actual bias. (Obj. at 8–9.)

### A.    Prosecutorial Misconduct Claim

Petitioner contends that the prosecutor improperly vouched for the accomplice's credibility by eliciting testimony that the prosecution required corroboration of the accomplice's statements before offering him a cooperation agreement. Petitioner also argues that the prosecutor elicited the accomplice's attorney's opinion that the accomplice was credible.[1]

Generally, prosecutorial misconduct claims may be raised on federal habeas review. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The appropriate standard of review is the "narrow one of due process[.]" *Id*. A defendant's due process rights are violated when a prosecutor's misconduct renders a trial "fundamentally unfair." *Id*. One form of prosecutorial misconduct is vouching for the credibility of a witness. *United States v. Young*, 470 U.S. 1, 18–19 (1985). A prosecutor may not vouch for the credibility of a witness or express his personal opinion regarding the guilt of the accused because such statements "can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant" and "the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *Id*.

Here, the Court starts with the state courts' analysis. The California Court of Appeal noted that the accomplice's attorney never said the accomplice testified truthfully. (R&R at 15); *see United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004) (finding no plain error where a prosecutor merely elicited a witness's obligation under a plea agreement "to tell the truth"). Petitioner concedes this but argues that the line of questioning nonetheless vouched for the accomplice's truthfulness in "effect." (Opp'n at 7.) That argument, however, requires the Court to venture beyond the constraints of AEDPA.

---

[1] The Report & Recommendation ("R&R") notes that the vouching claim may be procedurally defaulted but nevertheless proceeds to find that the claim fails on the merits. (R&R at 14–17.)

Because the prosecutor never explicitly vouched for the accomplice's truthfulness, reasonable jurists could disagree as to whether any misconduct occurred. In other words, the Court cannot say the state courts' ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Moreover, even if *United States v. Francis*, 170 F.3d 546 (6th Cir. 1999), were persuasive, it does not constitute clearly established federal law under AEDPA because it is not a Supreme Court decision.

The California Court of Appeal also found that there was no evidence indicating that the jury relied on information outside the record or that it was relieved of its responsibility to evaluate corroborating evidence. (R&R at 15.) Thus, even if the prosecutor's questioning was improper, it did not rise to the level of a due process violation. The jury instructions here made clear that the jurors retained the duty to assess credibility and corroboration for themselves. *See United States v. Necoechea*, 986 F.2d 1273, 1280 (9th Cir. 1993), as amended on denial of reh'g (Apr. 15, 1993) (finding that jury instructions cured the vouching errors, even as regard to an "important witness"). The jurors here were instructed that they "alone must judge the credibility or believability of the witness" and "may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony." (R&R at 20.) The jurors were further instructed that they "may use the statement or testimony of an accomplice to convict the defendant" only if "[t]he accomplice's statement or testimony is supported by other evidence that [they] believe," and that they "should give that statement or testimony the weight [they] think it deserves after examining it with care and caution and in the light of all the other evidence." (*Id*. at 20–21.)

Accordingly, the Court finds no unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1), and no unreasonable determination of the facts in light of the evidence under 28 U.S.C. § 2254(d)(2).

19cv0544

## B.    Juror Misconduct Claim

Petitioner next argues juror misconduct, stating that the state court and magistrate judge did not discuss the evidence of misconduct. (Obj. at 8.) But these courts did. (R&R at 28, 31, 33.)

The Sixth Amendment guarantees a criminal defendant the right to trial by an "impartial jury." U.S. Const. amend. VI. An impartial trier of fact means "a jury capable and willing to decide the case solely on the evidence before it." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (citation omitted). *Voir dire* is one mechanism for ensuring an impartial jury, exposing "possible biases, both known and unknown, on the part of potential jurors." *Id*. Actual bias also threatens impartiality, "typically found when a prospective juror states that he can not be impartial, or expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view." *Fields v. Brown*, 503 F.3d 755, 767 (9th Cir. 2007). A hearing helps determine "whether the incident [of alleged bias] complained of was harmful to the petitioner." *Remmer v. United States*, 347 U.S. 227, 230 (1954).

Here, the state trial court found no juror misconduct following a multi-day evidentiary hearing. (R&R at 6, 24.) As relevant, Juror No. 8 was the only juror who claimed that Juror No. 6 concealed information on her questionnaire. (*Id*. at 29.) The trial court identified three reasons for discounting Juror No. 8's testimony: he raised this allegation for the first time in his fifth note to the court, after being sent back to deliberate following the recording of two verdicts; his evident frustration with being returned to deliberations suggested that his bias toward other jurors affected his recollection; and, despite his assertion that Juror No. 6's comments were loud enough for everyone to hear, no other juror recalled hearing such statements. (*Id*.) The trial court also found no corroborating evidence of Juror No. 8's testimony in Juror No. 5's account: Juror No. 5 testified only that Juror No. 6 had a teacher who "may have been related to either the Arellano-Felix or Los Palillos cartel," which is consistent with Juror No. 6's written disclosure that she had "a teacher last name Arellano-Felix [sic]" and did not know whether

19cv0544

they were related. (*Id.*) The trial court likewise found no independent indication of bias in Juror No. 6's testimony. (*Id.*)

The trial court also determined that no juror other than Juror No. 8 recalled outside information being introduced into deliberations and concluded that the defense failed to show Juror No. 6 obtained or introduced cartel-related information from extrinsic sources during trial. (*Id.* at 31.)

Finally, Juror No. 2, the foreperson, was the sole juror to testify that he heard Juror No. 6 state "he hasn't been found guilty yet?," and that deliberations were restarted as a result. (*Id.* at 33.) The trial court found that Juror No. 6's alleged statement did not demonstrate bias against Petitioner, reasoning that Juror No. 6 had listened to more than a month and a half of testimony, formed an opinion based on the evidence rather than prejudice, and there was no evidence that Juror No. 6 harbored bias or was not open and thoughtful during deliberations. (*Id.*)

The California Court of Appeal affirmed the trial court's findings as supported by the record and was unpersuaded by Petitioner's arguments to the contrary. (*Id.* at 24–25.) And the California Supreme Court denied further relief. (*Id.* at 24.) Upon reviewing the record, the Court finds the state courts' factual determinations objectively reasonable. *See, e.g, Cook v. LaMarque*, 593 F.3d 810, 827 (9th Cir. 2010) (affirming no violation of the plaintiff's Sixth Amendment right to an impartial jury, despite introduction of extrinsic information, where the trial court held a hearing).

Petitioner has failed to rebut by clear and convincing evidence the presumption that the factual findings are correct. (R&R at 30); 28 U.S.C. § 2254(e)(1). Instead, Petitioner's objections reflect disagreement with the outcome of the state court and R&R proceedings. Accordingly, the Court finds no unreasonable determination of the facts in light of the evidence under 28 U.S.C. § 2254(d)(2).

19cv0544

## IV.    CONCLUSION

After conducting a de novo review of the objections to the R&R's reasoning, the Court concludes that Judge Rodriguez's reasoning is sound. Accordingly, the Court **OVERRULES** Petitioner's objections (ECF No. 35), **APPROVES AND ADOPTS** the R&R in its entirety (ECF No. 34), and **DENIES** the petition (ECF No. 20).

**IT IS SO ORDERED.**

**DATED: March 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 11 -

19cv0544